UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02348-SVW-KS | Date | 5/15/2020 |
|---|---|---|---|
| Title | *Ara Malakian v. Geico Casualty Insurance Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     ORDER DENYING PLAINTIFF'S MOTION TO REMAND [15]

   Plaintiff Ara Malakian's ("Plaintiff") motion to remand is DENIED. Geico's Notice of Removal in this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 was defective, because it failed to affirmatively allege Plaintiff's citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.") While Geico's Notice of Removal was facially defective, the Court cannot ignore Plaintiff's Reply brief and supporting declaration, both of which assert that Plaintiff is not a citizen of the United States. *See* Dkt. 17 at 6; Dkt. 17-1 at 2; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1. (9th Cir. 2002) (court are permitted to consider evidence and arguments made in later briefings and affidavits when assessing an otherwise defective notice of removal in the remand context). Complete diversity exists in lawsuits between foreign citizens and citizens of the United States. *See* 28 U.S.C. § 1332(a)(2).[1] Additionally, Plaintiff does not dispute, given the allegations in his Complaint establishing that he seeks payment of at least $85,000 in uninsured motorist benefits allegedly owed by Geico, that the amount in controversy requirement of $75,000 to create federal diversity jurisdiction is satisfied here. 28 U.S.C. § 1332(a).

   Plaintiff's argument that Geico has not adequately factually supported its assertion that it is a citizen of Maryland was inappropriately raised for the first time in its Reply brief. Dkt. 17 at 6.

---

[1] An exception to this rule exists when a foreign citizen is a permanent resident of the United States domiciled in the same state as the opposing party, but Plaintiff has not asserted that he is a permanent resident domiciled in the same state as Geico (Maryland). 28 U.S.C. § 1332(a)(2).

|   | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02348-SVW-KS | Date | 5/15/2020 |
|---|---|---|---|
| Title | *Ara Malakian v. Geico Casualty Insurance Company et al* | | |

Jurisdictional challenges to removal can be either "facial" or "factual", depending on whether Plaintiff is challenging the sufficiency of Defendant's allegations, presuming their truth, to invoke federal jurisdiction (a facial challenge) or challenging the truth of Defendant's jurisdictional allegations (a factual challenge). *See Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014) (explaining that challenges to removal jurisdiction should be governed within the same framework as Fed. R. Civ. P. 12(b)(1) challenges to subject matter jurisdiction). Plaintiff's Motion to Remand did not initially raise a "factual" challenge with regard to Geico's Maryland citizenship, and Plaintiff cannot make such an argument for the first time in a Reply brief, without giving Geico a chance to respond with appropriate evidence in its Opposition. Accordingly, the Court finds that Geico's factual allegations in the Notice of Removal alleging that it was incorporated in Maryland and has its principal place of business in that state are sufficient to survive a "facial" challenge to federal jurisdiction. Dkt. 1 at 3. As discussed above, Plaintiff's own admissions in his Reply brief regarding his own citizenship establish that complete diversity exists, because it cures the "facial" defect in Geico's Notice of Removal regarding Plaintiff's citizenship.

   Therefore, despite Geico's previously defective Notice of Removal, the Court concludes that diversity jurisdiction exists in this case given the record before it. Plaintiff's motion to remand is DENIED. The Court sets a bench trial in this case for October 6th, 2020, at 9:00 a.m., with a pretrial conference on September 28, 2020, at 3:00 p.m.

                                                                                    :
                                                            Initials of Preparer
                                                                                  PMC